[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Kareem Bonner, appeals from his conviction for one count of receiving and retaining stolen property, a laptop computer, in violation of R.C. 2913.51(A). In his sole assignment of error, he argues that the trial court erred to his prejudice by admitting the hearsay testimony of a co-defendant who was available to testify. We disagree.
Frederick Montgomery, a friend of Bonner, stole a laptop computer from Morgan Stanley Dean Witter while attending a career night at the brokerage firm. The computer belonged to Michael Stacy, a financial adviser whose named appeared on the screen whenever the computer was booted up. Bonner, who testified that he was under the impression that Montgomery worked at Morgan Stanley, purchased the laptop from Montgomery several days later for the sum of $500. According to Bonner, he believed that the brokerage firm had given Montgomery the laptop as "an incentive" for being an employee.
Bonner took the computer to the University of Cincinnati campus, where he was a business student. During an economics class, Bonner was asked to meet with a police detective, who asked him if he had recently come across a laptop computer. Bonner lied that he had not, because, according to Bonner, "I didn't know the extent of the problem * * *." The detective searched Bonner's book bag and then told Bonner to call him if he learned anything about a laptop. Bonner testified that he was told that there was a reward for the computer, but that he was never actually told that the computer had been stolen.
Bonner testified that he called Montgomery immediately and arranged to meet at a Clifton restaurant. According to Bonner, Montgomery broke down and told him that he had stolen the laptop. Montgomery then asked for the computer back so that he could return it to Morgan Stanley. Bonner refused to give it back to him, however, because Montgomery was unable to give him his money back.
Bonner testified that he then priced the laptop at a computer store, because he was going to try to sell it on the Internet. Later, however, Bonner testified that he had a change of heart and tried to call the detective, because he wanted to do "the honorable thing" and return the laptop — for the reward. The detective, however, was not available when he called. Later, though, Montgomery called Bonner to tell him that he had been arrested and that the police knew, because he had told them, that Bonner had the computer. The detective then spoke to Bonner directly and told Bonner that if brought the computer to district headquarters, he would receive, in the detective's words, "consideration in court." Bonner brought the computer to the police station and was promptly arrested and charged with receiving stolen property.
In his sole assignment of error, Bonner argues that the trial court improperly allowed Stacy to testify concerning a telephone call from Montgomery after he had reported his computer missing to the police. Stacy testified that he had first received a telephone call from Bonner chiding him for getting the police involved and telling him that "we got your computer but you are not getting it back." A few minutes later, Stacy testified, he received a telephone call from Montgomery. As recounted by Stacy, Montgomery "basically sa[id] the same thing. You know, his exact words were, you know, what did you do to my boy Kareem? Why did you get the police involved?"
Bonner argues that Montgomery's hearsay statements should not have been admitted under Evid.R. 804(B)(3), because there was no showing that Montgomery, the declarant, was unavailable. He argues that Montgomery's use of the term "my boy" to refer to Bonner "critically link[ed] the two defendants together, not only as to the chain of custody of the laptop but also to the extent that [Bonner] must have known the laptop was stolen * * *."
We agree with the prosecution that, when viewed in context, the hearsay statements attributed to Montgomery could not have had any significant effect on the outcome of the trial. Bonner's conversation minutes before, in which he chastised Stacy for going to the police and told him that "we got your computer and you are not getting it back," was tantamount to a confession. The importance of Montgomery's question afterward — "What did you do to my boy Kareem?" — pales in comparison. Bonner's argument that the expression "my boy" critically linked him with Montgomery fails to acknowledge that Bonner's words to Stacy had already critically linked the two, as did, in fact, the whole of Bonner's testimony.
We hold, therefore, that any error in the admission of the hearsay statements attributed to Montgomery did not affect Bonner's substantial rights, see Evid. R. 103(A) and Crim.R. 52(A), and is not grounds for reversal.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.